**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **GENERAL INJECTABLES & VACCINES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,** | **Civil Action No. 06-683**<br>**(Judge Bruggink)**<br><br>**Electronically Filed on October 3, 2006** |

**MOTION BY MCKESSON SPECIALTY DISTRIBUTION LLC TO INTERVENE AS DEFENDANT AND MOTION FOR LEAVE TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT ON SAME DATE AS DEFENDANT UNITED STATES**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims, McKesson Specialty Distribution LLC ("McKesson Specialty") respectfully seeks permission to intervene as a party defendant in this action, and for an order setting the deadline for McKesson Specialty's response to the Complaint on the same date that the Government's response is due. Neither the United States nor Plaintiff opposes this motion.

In an action pending before the General Accounting Office ("GAO"), General Injectables & Vaccines, Inc. ("GIV") protested the award of a contract to McKesson Specialty by the United States through the Center for Disease Control ("CDC"). In this action, GIV requests that the court enjoin the CDC, "and the contract awardee, [McKesson Specialty], from beginning or continuing contract performance." See GIV Complaint at 1. As the contract awardee and a non party against whom the plaintiff is seeking relief, McKesson Specialty has a direct interest in the outcome of this case. Rule 24(a)(2) of the Court of Federal Claims provides that a person may

intervene as a matter of right:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a)(2). McKesson Specialty was awarded this contact almost four weeks ago and it has been performing under the contract during this period. This contract requires a 60-day implementation period, followed by an aggressive three-phase rollout. Phase I (four states) requires that distribution operations begin within 60 days of contract award. Performance under this contract began immediately because of the complex implementation process and the multiple organizations involved.

A substantial investment of McKesson Specialty resources has already occurred and the tempo increases daily. To now cease its operations dedicated to this contract, as Plaintiff requests, would place a significant burden on McKesson Specialty and clearly impact its interest relating to this matter. McKesson Specialty's engaged and allocated resources (funds, personnel, equipment and facilities) would become idle and create an undue financial hardship on McKesson Specialty. Moreover, if McKesson Specialty had to stop performance now, it would have to reassign personnel and resources to other matters. The result would be potential delay and disruption in the contract implementation. The requested cessation of operations also would deny McKesson Specialty the revenues necessary to recover the financial investments already made or committed while performing this contract. Indeed, it is that interest – to perform the contract and earn benefits accruing from that performance – that McKesson Specialty is uniquely situated to protect.

Moreover, McKesson Specialty's interests are not adequately represented by the

Government. As stated above, McKesson Specialty's interests are to preserve its ability to perform the contract and to earn the benefits from that performance. In contrast, the Government's interests in defending this matter are to preserve the discretion of agency officials and enable the CDC to proceed with this procurement without undue delay.

This Court routinely allows contract awardees to intervene as party-defendants in bid protests. See e.g. Alion Science and Tech. Corp. v. United States, 69 Fed. Cl. 14, 17 (2005); JWK Int'l Corp. v. United States, 49 Fed. Cl. 371, 385 (2001), aff'd, 279 F.3d 983 (Fed. Cir. 2002); Dubinsky v. United States, 43 Fed. Cl. 243, 252 (1999); Candle Corp. v. United States, 40 Fed. Cl. 658, 662 (1998); GraphicData, LLC v. United States, 37 Fed. Cl. 771, 777 (1997). Accordingly, McKesson Specialty is entitled to intervention of right. RCFC 24(a)(2).

Alternatively, McKesson Specialty moves for permissive intervention under Rule 24(b)(2) which states:

> when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

RCFC 24(b)(2). McKesson Specialty's "claim or defense" arises from the exact same circumstances and the same set of facts – the contract award to McKesson Specialty – as the plaintiff's bid protest before this Court. Furthermore, McKesson Specialty's intervention will not unduly delay or prejudice the adjudication of the action, since McKesson Specialty is joining this action immediately after the Complaint was filed and has proposed to follow the same briefing schedule as the current defendant, the United States.

McKesson Specialty also respectfully requests that the Court allow it to answer or otherwise respond to the Complaint no later than the deadline for the Government's response. Rule 24(c) requires that a person desiring to intervene shall accompany its motion to intervene

with a pleading setting forth the claim or defense for which intervention is sought. However, this motion is being submitted one business day after the Complaint was filed, so McKesson Specialty has not had time yet to develop information to prepare an Answer or other response to the Complaint.

Based on the controlling law and relevant facts McKesson Specialty respectfully requests that the Court enter the accompanying proposed Order permitting McKesson Specialty to intervene as a party-defendant in this action and granting McKesson Specialty's request to extend the deadline for responding to the Complaint to the date that the Government's response is due.

Dated: October 3, 2006

Respectfully Submitted,

David R. Hazelton (Counsel of Record)
Donald M. Remy
Kyle R. Jefcoat
Joshua K. Chandler
LATHAM & WATKINS LLP
555 11th St., N.W., Suite 1000
Washington, D.C. 20004-1304
Direct Dial: (202) 637-2254
Facsimile: (202) 637-2201
David.Hazelton@lw.com
Donald.Remy@lw.com
Joshua.Chandler@lw.com
Kyle.Jefcoat@lw.com

Attorneys for McKesson Specialty Distribution, LLC

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **GENERAL INJECTABLES & VACCINES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,** | **Civil Action No. 06-683**<br>**(Judge Bruggink)**<br><br>**Filed on October 3, 2006** |

**[PROPOSED] ORDER GRANTING MCKESSON SPECIALTY DISTRIBUTION LLC's MOTION TO INTERVENE AS DEFENDANT AND MOTION FOR LEAVE TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT ON SAME DATE AS DEFENDANT UNITED STATES**

Upon consideration of McKesson Specialty Distribution, LLC's ("McKesson Specialty") Motion to Intervene as Defendant and Motion for Leave to File Answer or Otherwise Respond to Complaint on the Same Date as Defendant United States, it is hereby

ORDERED that McKesson Specialty's Motion to Intervene as Defendant be, and hereby is, granted; and it is

FURTHER ORDERED that McKesson Specialty's Motion for Leave to File Answer or Otherwise Respond to Complaint on the Same Date as Defendant United States be, and hereby is, granted; and it is

FURTHER ORDERED that all future pleadings bear the following caption:

| |
|---|
| **GENERAL INJECTABLES & VACCINES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**MCKESSON SPECIALTY DISTRIBUTION, LLC,**<br><br>**Defendant-Intervenor** |

IT IS SO ORDERED.

Dated: ____________________, 2006

By: ______________________________________

Eric G. Bruggink

Judge for the United States Court of Federal Claims

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2006 a copy of the foregoing McKesson Specialty Distribution, LLC's Motion to Intervene as Defendant and Motion for Leave to File Answer or Otherwise Respond to Complaint on the Same Date as Defendant United States as well as the Proposed Order accompanying the Motion was sent via First Class Mail, postage prepaid to:

Delisa Sanchez
U.S. Department of Justice
Civil Division, Commercial Litigation Branch
1100 L Street, N.W.
Room 7014
Washington, D.C. 20530

Mark J. Biros
Proskauer Rose LLP
1001 Pennsylvania Ave., N.W.
Suite 400 South
Washington, D.C. 20004-2533

Respectfully Submitted,

Kyle R. Jefcoat
LATHAM & WATKINS LLP
555 11th St., N.W., Suite 1000
Washington, D.C. 20004
Direct Dial: (202) 637-2152
Fax: (202) 637-2201
Kyle.Jefcoat@lw.com