**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| GENERAL INJECTABLES & VACCINES, INC., Plaintiff, v. UNITED STATES OF AMERICA, Defendant, and MCKESSON SPECIALTY DISTRIBUTION LLC, Intervenor. | ) | No. 06-683C (Judge Eric G. Bruggink) Electronically Filed on October 13, 2006 |

**PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

On October 2, 2006, Plaintiff General Injectables & Vaccines, Inc. ("GIV") initiated this case by filing a Complaint for Declaratory and Injunctive Relief. GIV simultaneously filed a Motion for a Temporary Restraining Order and Preliminary Injunction ("TRO Motion"), in support of which it attached three declarations with exhibits. On October 6, 2006, counsel for Defendant United States of America filed a 256-page administrative record ("AR") pursuant to paragraph 1 of the Court's October 3, 2006 Scheduling Order. GIV hereby files the instant motion formally requesting leave to supplement the AR with the declarations and exhibits attached to GIV's TRO Motion.

**BACKGROUND**

The instant case focuses on the decision of the Centers for Disease Control and Prevention ("CDC") to override a pre-contract-award stay issued under the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(c)(2). CDC had previously issued a solicitation for

a contract centralizing the distribution of vaccine to states and local governments under the Vaccines for Children Program ("VFC"). *See* AR Tab 1 at 1-84. CDC's decision to override the stay was expressed in a written Findings and Determination ("F&D") bearing signatures dated September 7, 2006, and September 8, 2006. *See* AR Tab 20 at 226-30. In issuing its decision, CDC claimed that waiting for the Government Accountability Office ("GAO") to issue a ruling on GIV's pending bid protest would cause a disruption in the distribution of vaccine to certain VFC participants. *See* AR Tab 20 at 227-28 (F&D ¶ 7).

GIV's TRO Motion alleges that CDC's decision to override the stay was invalid because (1) CDC's determination was not clearly premised on the correct legal standard, (2) the stated bases for CDC's decision were contradicted by the evidence before the agency, (3) CDC proffered no reasons why it was necessary for Intervenor McKesson Specialty Distribution LLC ("McKesson") to commence performance of the contract during the pendency of GIV's bid protest, (4) CDC's claim that the new contract would save it money could not justify overriding a pre-award stay under CICA, and (5) CDC's determination failed to consider what would happen if the GAO process determined that the award to McKesson was illegal. *See generally* Mem. of P. & A. in Supp. of TRO Mot. ("Pl.'s Mem.").

GIV included three declarations in support of its TRO Motion, the first of which was the September 28, 2006 declaration of Tracy B. Puckett, GIV's Senior Manager for Government Contracting. *See* Ex. 1 to Pl.'s Mem. Ms. Puckett's declaration described GIV's longstanding and unblemished participation as a distributor to numerous VFC participant. Puckett Decl. ¶¶ 3-8. In order to refute CDC's claim that waiting for a GAO determination would disrupt distribution of vaccine to certain VFC participants, Ms. Puckett's declaration also described her participation in contract negotiations with certain VFC participants whose existing distribution

contracts were approaching expiration. *See id.* ¶¶ 17-21. For example, Ms. Puckett discussed her negotiations with New Jersey officials, which had been initiated at the urging of CDC. *See id.* ¶¶ 17-18.

The second declaration included with GIV's TRO Motion was that of Lawrence Z. Lorber, outside counsel to GIV in its pending bid protest before GAO. *See* Ex. 2 to Pl.'s Mem. Mr. Lorber's declaration described the chronology of certain events during GIV's bid protest. In particular, Mr. Lorber's declaration explained the timing of when GAO learned of CDC's decision to override the pre-award stay. *See* Lorber Decl. ¶¶ 8-18. Mr. Lorber's declaration also included correspondence sent from GAO to counsel for CDC. *See* Ex. 2.A to Pl.'s Mem. This correspondence reflected GAO's belief that CDC had applied the wrong legal standard in overriding the pre-award stay. *See* Pl.'s Mem. at 13 n.8.

Lastly, GIV included with its TRO Motion the declaration of its valuation expert, Howard N. Kenyon Jr. *See* Ex. 3 to Pl.'s Mem. As a matter of law cost information found in the F&D should have been irrelevant to CDC's decision to override the stay. GIV nonetheless included Mr. Kenyon's declaration in order to demonstrate that the F&D materially overstated what the cost of the contract would have been under GIV's bid. *See* Pl.'s Mem. at 20 n.11 (citing Kenyon Decl. ¶ 5).

## ARGUMENT

The Rules of the Court of Federal Claims provide that a motion to supplement the administrative record may be made on the basis of generally applicable principles of administrative law. RCFC 52.1 Rules Committee Note (2006). The instant case is subject to review under standards set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. 28 U.S.C. § 1491(b)(4); *RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1290

(Fed. Cir. 1999). Judicial review under the APA is generally limited to the administrative record. *See Gentex Corp. v. United States*, 58 Fed. Cl. 634, 648 (2003). However, this Court does not apply an "iron-clad rule automatically limiting its review to the administrative record." *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 779 (1997).

While the "focal point for judicial review 'should be the administrative record already in existence, not some new record made initially by the reviewing court,'" *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 342 (1997) ("*Cubic I*") (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)), this Court has recognized several circumstances in which parties should be permitted to supplement the administrative record, *see Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 350 (1997) ("*Cubic II*"); *see also CCL, Inc. v. United States*, 39 Fed. Cl. 780, 791 (1997) (rejecting "government's claimed exclusive right to define the administrative record"). For example, this Court has recognized that the administrative record may be supplemented (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors that are relevant to its final decision; (3) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; and (4) in cases where relief is at issue, especially at the preliminary injunction stage. *Cubic I*, 37 Fed. Cl. at 342 (citing *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)).[1]

As set forth below, supplementation of the AR is especially prudent in this case, where the "administrative record" is "something of a fiction, and certainly cannot be viewed as rigidly

[1] These categories are themselves derived from a law review article surveying general administrative law principles. *See Esch*, 876 F.2d at 991 (quoting Steven Stark & Sarah Wald, *Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Action*, 37 Admin. L. Rev. 333, 345 (1984)).

as if the agency had made an adjudicative decision on a formal record that is then certified for court review." *Id.* at 350.

## I. GIV SHOULD BE GRANTED LEAVE TO SUPPLEMENT THE AR BECAUSE CDC'S ACTIONS ARE NOT ADEQUATELY EXPLAINED IN THE RECORD

This Court has repeatedly recognized that a party should be allowed to supplement the administrative record when agency action is not adequately explained in the record. *See, e.g.*, *CCL*, 39 Fed. Cl. at 791; *Cubic I*, 37 Fed. Cl. at 342; *Stapp Towing Inc. v. United States*, 34 Fed. Cl. 300, 308 (1995). The "notion" behind this rule is that "further evidence—new evidence not in a previously compiled administrative record—may be necessary for a reviewing court to make a decision based on the whole record." Stark & Wald, *supra*, at 345.

On its face, CDC's decision to override the pre-award stay was based on the agency's concern that waiting for a GAO decision in GIV's bid protest would disrupt the distribution of vaccine to various state and local governments participating in the VFC. *See* AR Tab 20 at 227-28 (F&D ¶ 7). However, the AR contains nothing but the bald assertions of agency personnel in support of this purported justification. For example, in an August 18, 2006 email from CDC's Kimberly Lane to several other agency employees, Ms. Lane asserts:

> Attached you'll find the urgent award justification we discussed yesterday. There is a sense of urgency ---several grantees do NOT have distribution services starting December 1st. In my opinion, we must award by August 31st in order to avoid major vaccine distribution disruptions. New Jersey is the first to be impacted with others following including California and New York. This will become a political issue if we do not deliver what we promised approximately two years ago.

AR Tab 14 at 203.

The AR contains no documentation to support Ms. Lane's claim, such as copies of contracts or relevant communications between state officials and CDC.[2] In contrast, the Puckett Declaration submitted by GIV provides this Court with evidence demonstrating the complete and utter fallacy of Ms. Lane's claim—a claim that eventually served as the foundation for CDC's written decision overriding the pre-award stay. *Compare* AR Tab 14 at 205-06 (internal CDC memorandum authored by Ms. Lane), *with* AR Tab 20 at 227-28 (F&D ¶ 7). For example, CDC placed particular emphasis on the distribution of vaccine to the state of New Jersey. *See* AR Tab 20 at 228 (F&D ¶ 7.D). Ms. Puckett's declaration explains that at the urging of CDC, GIV participated in negotiations with New Jersey officials to distribute vaccine to that state upon the termination of its current distribution contract. *See* Puckett Decl. ¶¶ 17-19. Ms. Puckett's declaration further explains that a few weeks before CDC issued its F&D, she called a CDC official and informed him that GIV was in negotiations with New Jersey to provide the state with vaccine under GIV's New York Multi-State contract. *See id.* ¶ 21.

Granting GIV leave to supplement the AR will therefore ensure that the Court has a complete and accurate record upon which to decide this case.

## II. GIV SHOULD BE GRANTED LEAVE TO SUPPLEMENT THE AR BECAUSE CDC FAILED TO CONSIDER FACTORS THAT WERE RELEVANT TO ITS FINAL DECISION

"Because a failure to consider all relevant factors automatically makes an administrative decision inadequate under the APA, courts have reasoned that a party challenging agency action

[2] GIV recognizes that the record as it now exists contains certain emails that were included in the AR because CDC believes they support the agency's claim that waiting for GAO's decision would cause a disruption in vaccine distribution. GIV will address the inadequacy of those emails in its reply to Defendant's and McKesson's forthcoming oppositions to GIV's TRO Motion.

must be given a chance to show that relevant factors were ignored." Stark & Wald, *supra*, at 346 (footnote omitted); *see also Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Moreover, this Court has deemed it "incumbent" upon plaintiffs to add evidence to the administrative record if they wish to challenge an agency's apparent decision that only another bidder could perform certain time-critical requirements of a new contract. *See Alion Sci. & Tech. Corp. v. United States*, 69 Fed. Cl. 14, 31 (2005) (chiding plaintiff for failing to add evidence to the administrative record).

GIV argues that CDC failed to consider factors that were relevant to its decision overriding the pre-award stay. *See* Pl.'s Mem. at 21. For example, GIV highlights CDC's failure to consider the ramifications of overriding the pre-award stay in the event GIV were to win its bid protest. *Id.* Most importantly for present purposes, GIV also argues that CDC's override determination was invalid because the agency failed to make a specific determination that "urgent and compelling circumstances" dictated that the contract be awarded to McKesson, a new market entrant. *See* Pl.'s Mem. at 18-19. This issue is brought into sharp focus by the Puckett Declaration, which shows that GIV—more than any other vaccine distributor in the United States—was best positioned to distribute vaccine during the pendency of the company's bid protest. *See* Puckett Decl. ¶¶ 3-8.

Because it is "incumbent" upon GIV to add evidence to the AR if it wishes to challenge CDC's apparent decision that only McKesson could perform certain time-critical requirements of the new contract, leave should be granted for GIV to supplement the AR. *See Alion*, 69 Fed. Cl. at 31.

## III. GIV SHOULD BE GRANTED LEAVE TO SUPPLEMENT THE AR BECAUSE ADDITIONAL EVIDENCE WILL ENABLE THE COURT TO UNDERSTAND THE ISSUES PRESENTED MORE CLEARLY

The "administrative record is not a documentary record maintained contemporaneously with the events or actions included in it. Rather, the administrative record is a convenient vehicle for bringing the decision of an administrative body before a reviewing agency or a court." *Tech Sys., Inc. v. United States,* 50 Fed. Cl. 216, 222 (2001); *see also Al Ghanim Combined Group Co. v. United States*, 56 Fed. Cl. 502, 508 (2003). In recognizing that the administrative record is often no more than a disparate collection of documents that fails to tell a coherent narrative, this Court has held that a party should be allowed to supplement the administrative record "when a case is so complex that a court needs more evidence to enable it to understand the issues clearly." *Cubic I*, 37 Fed. Cl. at 342. The legal issues in this case are in no sense "complex"; however, evidence regarding GIV's longstanding and unblemished participation in the VFC will assist the Court in addressing the legal issues presented by this case. *See*, *e.g.*, Puckett Decl. ¶¶ 3-8.

Moreover, supplementation of the AR is prudent in this case given that the timing of CDC's decision—or more specifically, the timing of CDC's communication of that decision to GAO—is a critical factual issue. GIV argues that CDC's decision to award the contract to McKesson before notifying GAO of the F&D rendered the awarding of the contract illegal under CICA. *See* Pl.'s Mem. at 12. The Lorber Declaration supplies this Court with additional evidence showing that CDC violated the plain language of the statute by awarding the contract to McKesson when it did. *See* Lorber Decl. ¶¶ 8-18.

## IV. GIV SHOULD BE GRANTED LEAVE TO SUPPLEMENT THE AR BECAUSE OF THE PROCEDURAL POSTURE OF THIS CASE

Finally, this Court has recognized that a party should be allowed to supplement the administrative record in cases where relief is at issue, especially at the preliminary injunction stage. *Cubic I*, 37 Fed. Cl. at 34. Although GIV believes that injunctive relief is unnecessary if the Court determines that CDC's decision to override the pre-award stay was invalid, *see* Pl.'s Mem. at 10 (collecting cases), it nonetheless included in its arguments a discussion of the four traditional injunctive relief factors, *see id.* at 21-26. As a result, the Court should allow the AR to be supplemented in the manner described above.

## CONCLUSION

Based on the foregoing, GIV respectfully requests that the administrative record be supplemented to include the declarations and exhibits attached to GIV's TRO Motion. In accordance with RCFC 7(b)(1), a proposed order granting the requested relief is attached hereto as Exhibit 1.

Dated: October 13, 2006

Respectfully submitted,

By: */s/ Mark J. Biros*
Mark J. Biros
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)
mbiros@proskauer.com

*Attorney of Record for Plaintiff General Injectables & Vaccines, Inc.*

*Of counsel:*

Lawrence Z. Lorber
James F. Segroves
Meredith C. Bailey
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)

Gilbert J. Ginsburg
LAW OFFICES OF
GILBERT J. GINSBURG
1250 24th Street, NW
Suite 350
Washington, DC 20037
202.776.7772
202.776.7773 (fax)

**CERTIFICATE OF FILING**

I hereby certify that on October 13, 2006, a copy of Plaintiff's Motion to Supplement the Administrative Record was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Mark J. Biros*
MARK J. BIROS