IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| GENERAL INJECTABLES & VACCINES, INC., Plaintiff, | ) | |
| v. | ) | |
| THE UNITED STATES, Defendant, | ) | No. 06-683C |
| and | ) | (Judge Eric G. Bruggink) |
| MCKESSON SPECIALTY DISTRIBUTION, LLC, Defendant-Intervenor. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND MOTION TO STRIKE**

Defendant, the United States, opposes the motion of General Injectables & Vaccines, Inc. ("GIV") to supplement the administrative record ("Mot.") with the declarations of Tracy B. Pucket, Lawrence Z. Lorber and Howard N. Kenyon, Jr., and respectfully requests the Court to deny plaintiff's motion. We also request the Court to strike from the record the three declarations and the documents attached to them, and any references to those declarations and documents in GIV's complaint and memorandum of points and authorities.

GIV filed its motion to supplement the record on October 13, 2006. The affidavits are not part of the administrative record which, pursuant to 28 U.S.C. § 1491(b)(4), defines the scope of judicial review in this action, nor were they submitted to this Court for the purpose of establishing irreparable harm to GIV.

Section 1491(b)(4) directs the Court to review bid protests under the standard of review set forth in the Administrative Procedure Act, 5 U.S.C. § 706 ("APA"). This standard provides that agency action should not be disturbed unless shown to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); 28 U.S.C. § 1491(b)(4). Judicial review under the arbitrary and capricious standard "is based on the administrative record developed before the relevant contracting agency." Acra, Inc. v. United States, 44 Fed. Cl. 288, 292 (1999); accord Florida Power & Light v. Lorion, 470 U.S. 729, 743-44 (1985) ("[T]he focal point for judicial review should be the administrative record already in existence, not some record made initially by the reviewing court."). This rule "is significant in limiting courts to their proper role. Courts are to determine whether an agency's action was arbitrary or capricious in light of the information it confronted. It is a re-view, a second look at the same material, not a re-doing." Bradley v. Weinberger, 483 F.2d 410, 414 (1st Cir. 1973).

The three declarations were not submitted at the agency level or in connection with any decision by the agency but, rather, as support for the legal arguments made by GIV in its complaint and memorandum of points and authorities filed on October 2, 2006. As a result, the documents are not part of the administrative record and should be stricken.

GIV claims that the Puckett declaration is necessary because it describes "GIV's longstanding and unblemished participation as a distributor to numerous VFC participant [sic]." Mot. 2. GIV also claims that the Puckett declaration serves the purpose of refuting "CDC's claim that waiting for a GAO determination would disrupt distribution of vaccine to certain VFC participants." Mot. 2. First, GIV's role as a distributor to VFC participants is not relevant to the issue before the court, namely, whether the CDC's override of the stay is rational and in

accordance with applicable law. Second, the Puckett declaration does not even come close to responding to the CDC's determination that waiting for the GAO decision would disrupt distribution of vaccines, much less refuting it. All the Puckett declaration states is that GIV has agreed to "transition the New Jersey contract to the New York Multi-State distribution contract, which GIV services." Puckett Declaration 4. The Puckett declaration does not address in any manner the impact of the stay upon the entire distribution system for which the CDC is assuming responsibility. Accordingly, the Puckett declaration is irrelevant to the issue this Court must address.

GIV claims that the Lorber declaration describes "the chronology of certain events during the GIV bid protest" with an emphasis upon the timing of when GAO learned of CDC's decision to override the pre-award stay. Mot. 3. The documents in this case tell us exactly the date on which the CDC advised the GAO of the override: September 12, 2006. AR 236. The documents in the record also tell us that the CDC's override was preceded by Findings and Determination dated September 7, 2006. AR 225-29. Therefore, Mr. Lorber's "chronology" does not serve any legitimate purpose. Contrary to GIV's argument, the Lorber declaration does not "supply this Court with additional evidence showing that CDC violated the plain language of the statute by awarding the contract to McKesson when it did." Mot. 8. Instead, the Lorber declaration attempts to "create" that evidence through baseless insinuation. Pursuant to 31 U.S.C. § 3553(c)

> (1) Except as provided in paragraph (2) of this subsection, a contract may not be awarded in any procurement after the Federal agency has received notice of a protest with respect to such procurement from the Comptroller General and while the protest is pending.

> (2) The head of the procuring activity responsible for award of a contract may authorize the award of the contract (notwithstanding a protest of which the Federal agency has notice under this section) –
>
> > (A) upon a written finding that urgent and compelling circumstances which significantly affect interests of the United States will not permit waiting for the decision of the Comptroller General under this subchapter; and
> >
> > (B) after the Comptroller General is advised of that finding.
>
> (3) A finding may not be made under paragraph (2)(A) of this subsection unless the award of the contract is otherwise likely to occur within 30 days after the making of such finding.

31 U.S.C. § 3553(c); see also 48 C.F.R. § 33.104(b)(1). Therefore, the statute required the CDC to advise the Comptroller General, prior to awarding the contract, that it was awarding the contract upon a finding that urgent and compelling circumstances did not permit waiting for the GAO's decision. While the Lorber declaration makes several insinuations, it does not state that the CDC advised the GAO of its decision to award the contract *after* awarding the contract to McKesson, nor do any of the documents he attaches to his declaration support that proposition.

Concerning the Kenyon declaration, the fact that the F&D contains some cost information is not a legitimate basis for filing of a declaration of a "valuation" expert whose two-page declaration makes nothing more than a conclusory, unsupported statement that, it is his "opinion that the F&D materially overstates what the cost of the contract would be under GIV's bid." Kenyon Declaration 2. Cost issues are not before this Court for adjudication. Accordingly, the Kenyon declaration is not warranted.

GIV attempts to justify its request for supplementation by claiming that "a party should be allowed to supplement the administrative record when agency action is not adequately explained in the record." Mot. 5. However, none of the declarations advanced by GIV purport to explain the CDC's actions. Instead, GIV explains in its motion that it disagrees with the substance of the contemporaneous documents in the administrative record: (1) "the AR contains nothing but the bald assertions of agency personnel in support of this purported justification;" (Mot. 5) and (2) "the AR contains no documentation to support Ms. Lane's claim;" (Mot. 6). In essence, GIV is attempting to create an administrative record that it "likes." However, the parties arrive in this Court with the administrative record created in the course of the procurement, not the record they wish they had created.

In exceptional circumstances, the Court has allowed supplementation of the administrative record in bid protests based upon the finding that, "in most bid protests, the 'administrative record' is something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review." Cubic Applications, Inc. v. United States, 37 Fed. Cl. 345, 350 (1997); see also Pikes Peak Family Housing, LLC v. United States, 40 Fed. Cl. 673, 676 (1998) ("There is, however, a critical difference between the contemporaneous record compiled by an agency in the course of a formal adjudication or rulemaking proceedings under the APA, and the administrative record hospitably assembled by the agency for purposes of bid protest litigation . . . ."). Thus, the Court has allowed supplementation of the record with testimony from procurement officials where "gaps" in the record preclude the Court from determining whether the agency followed a rational process. E.g., Input/Output Technology, Inc. v. United States, 44 Fed. Cl. 65, 69 n.4 (1999)

(supplementing record with limited deposition testimony of agency official but denying contractor's request to add its own expert testimony).

Here, however, GIV did not establish that there exists, nor do the proposed declarations supplement, any gap in the administrative record. The administrative record in this case is the product of the agency's decision to override the stay; it is not a collection of documents "hospitably assembled" by the Government for purposes of this litigation. Furthermore, the agency thoroughly explained its decision in several documents in the administrative record, which set forth the agency's rationale in detail, as well as in the Declaration of Jeanne Santoli. Therefore, there are no gaps in the record which preclude effective judicial review under the arbitrary and capricious standard.

The issue before the Court is not whether the record is sufficiently detailed to allow the protester or the Court to conduct an independent analysis and substitute its judgment for the agency's. See FN Manufacturing, Inc. v. United States, 44 Fed. Cl. 449, 450 (1999) (under arbitrary and capricious standard, "a court is not empowered to substitute its judgment for that of the agency involved.") (citing Motor Vehicle Manufacturers Ass'n v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 43 (1983)). As stated above, the Court's role is to conduct a review, a second look at the same material that was before the agency, "not a re-doing." Bradley, 483 F.2d at 414. Thus, the issue is solely whether the record is sufficient to allow the Court to determine if the agency followed a rational process. See FN Manufacturing, 44 Fed. Cl. at 450 ("'[T]he central focus of the arbitrary and capricious standard is on the rationality of the agency's decision making, rather than its actual decision.'") (quoting United States v. Garner, 767

F.2d 104, 116 (5th Cir. 1985)). Because the administrative record is more than sufficient for this purpose, supplementation in the form of declarations by GIV is inappropriate.

Moreover, in the unlikely event the Court does determine that there are gaps in the record which preclude judicial review, the proper course is to supplement the record with affidavits from agency personnel explaining their decision. See Camp v. Pitts, 411 U.S. 138, 142-43 (1973) ("If . . . there was such failure to explain administrative action as to frustrate effective judicial review, the remedy was . . . to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.") (emphasis added). GIV is not free to supplement the record with irrelevant documents where, as here, the agency's decision is clearly explained in the contemporaneous administrative record and in a declaration submitted by an agency official.

## CONCLUSION

Based upon the foregoing, we request the Court to deny GIV's request to supplement the administrative record with the declarations of Tracy B. Pucket, Lawrence Z. Lorber and Howard N. Kenyon, Jr. We also request the Court to strike the declarations, any documents attached to them, and references to those documents in GIV's Complaint memorandum of points and authorities.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:

ELISE HARRIS
Assistant Regional Counsel
U.S. Department of Health and
Human Services
61 Forsyth Street, S.W.
Suite 5M60
Atlanta, GA 30303

/s/ Delisa M. Sánchez
DELISA M. SANCHEZ
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
ATTN: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-0337
Facsimile: (202) 305-7643

Electronically filed,
October 17, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 17th day of October, 2006, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD AND MOTION TO STRIKE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Delisa M. Sánchez
DELISA M. SANCHEZ