**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| GENERAL INJECTABLES & VACCINES, INC., | |
| Plaintiff, | No. 06-683C |
| | (Judge Eric G. Bruggink) |
| v. | |
| | Electronically Filed on October 20, 2006 |
| UNITED STATES OF AMERICA, | |
| Defendant, | |
| and | |
| MCKESSON SPECIALTY DISTRIBUTION LLC, | |
| Intervenor. | |

**PLAINTIFF'S SECOND MOTION TO**
**SUPPLEMENT THE ADMINISTRATIVE RECORD**

On October 6, 2006, counsel for Defendant United States of America filed a 256-page administrative record ("AR") pursuant to paragraph 1 of the Court's October 3, 2006 Scheduling Order. On October 13, 2006, Plaintiff General Injectables & Vaccines, Inc. ("GIV") filed a motion formally requesting that the administrative record be supplemented with certain declarations and exhibits included with GIV's October 2, 2006 Motion for a Temporary Restraining Order and Preliminary Injunction. GIV hereby requests leave to further supplement the administrative record with the Supplemental Declaration of Tracey B. Puckett, GIV's Senior Manager for Government Contracting. Ms. Puckett's supplemental declaration, a copy of which is attached as Exhibit 1, provides information concerning contracts referenced in the administrative record already filed with this Court, plus other data relevant to those contracts.

**BACKGROUND**

The instant case focuses on the decision of the Centers for Disease Control and Prevention ("CDC") to override a pre-contract-award stay issued under the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(c)(2). CDC had previously issued a solicitation for a contract centralizing the distribution of vaccine to states and local governments under the Vaccines for Children Program ("VFC"). *See* AR Tab 1 at 1-84. CDC's decision to override the stay was expressed in a written Findings and Determination ("F&D"). *See* AR Tab 20 at 226-30. Waiting for the Government Accountability Office ("GAO") to issue a ruling on GIV's pending bid protest would cause, according to CDC, a disruption in the distribution of vaccine to certain VFC participants. *See* AR Tab 20 at 227-28 (F&D ¶ 7).

The Rules of the Court of Federal Claims provide that a motion to supplement the administrative record may be made on the basis of generally applicable principles of administrative law. RCFC 52.1 Rules Committee Note (2006). The instant case is subject to review under standards set forth in the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. 28 U.S.C. § 1491(b)(4); *RAMCOR Servs. Group, Inc. v. United States*, 185 F.3d 1286, 1290 (Fed. Cir. 1999). Although judicial review under the APA is generally limited to the administrative record, *see Gentex Corp. v. United States*, 58 Fed. Cl. 634, 648 (2003), this Court does not apply an "iron-clad rule automatically limiting its review to the administrative record," *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 779 (1997); *see also Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 339, 350 (1997) ("*Cubic I*") (recognizing that the "administrative record" is "something of a fiction, and certainly cannot be viewed as rigidly as if the agency had made an adjudicative decision on a formal record that is then certified for court review.").

This Court has recognized several circumstances in which parties should be permitted to supplement the administrative record. *See Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 350 (1997) ("*Cubic II*"); *see also CCL, Inc. v. United States,* 39 Fed. Cl. 780, 791 (1997). Most importantly for present purposes, the Court has held that the administrative record may be supplemented when (1) agency action is not adequately explained in the record before the court and (2) the agency failed to consider factors that are relevant to its final decision. *Cubic I*, 37 Fed. Cl. at 342 (citing *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989)); *see also* Steven Stark & Sarah Wald, *Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Action*, 37 Admin. L. Rev. 333, 345 (1984).

## ARGUMENT

### I. GIV SHOULD BE GRANTED ADDITIONAL LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD BECAUSE CDC'S ACTIONS ARE NOT ADEQUATELY EXPLAINED

Granting GIV leave to further supplement the administrative record with Ms. Puckett's supplemental declaration and the exhibits attached thereto will ensure that the Court has a complete *and accurate* record upon which to decide this case. This Court has repeatedly recognized that a party should be allowed to supplement the administrative record when agency action is not adequately explained in the record. *See, e.g.*, *CCL*, 39 Fed. Cl. at 791; *Cubic I*, 37 Fed. Cl. at 342. The "notion" behind this rule is that "further evidence—new evidence not in a previously compiled administrative record—may be necessary for a reviewing court to make a decision based on the whole record." Stark & Wald, *supra*, at 345. This rule not only applies to situations in which an agency must supplement its own deficient administrative record, it also allows a private plaintiff to supplement the administrative record. *See, e.g.*, *Chapman Law Firm Co. v. United States*, 17 Fed. Cl. 124, 127 (2006).

Ms. Puckett's supplemental declaration provides information relating to, and relevant portions of, vaccine distribution contracts referenced in other parts of the administrative record filed by Defendant. The documents to which she attests are authentic and provide irrefutable evidence that the factual basis for CDC's decision was clearly erroneous. On its face, CDC's decision to override the pre-award stay was based on the agency's concern that waiting for a GAO decision on GIV's bid protest would disrupt the distribution of vaccine to various state and local governments participating in the VFC. *See* AR Tab 20 at 227-28 (F&D ¶ 7). However, the administrative record contains nothing but the statements of agency personnel in support of this purported justification.

For example, in an August 18, 2006 email from CDC's Kimberly Lane to several other agency employees, Ms. Lane asserts:

> Attached you'll find the urgent award justification we discussed yesterday. There is a sense of urgency ---several grantees do NOT have distribution services starting December 1st. In my opinion, we must award by August 31st in order to avoid major vaccine distribution disruptions. New Jersey is the first to be impacted with others following including California and New York. This will become a political issue if we do not deliver what we promised approximately two years ago.

AR Tab 14 at 203. The administrative record does not contain the contracts to which Ms. Lane refers to support her urgency and service disruption claim, which eventually served as the foundation for CDC's written decision overriding the pre-award stay. *Compare* AR Tab 14 at 205-06 (internal CDC memorandum authored by Ms. Lane), *with* AR Tab 20 at 227-28 (F&D ¶ 7).

Ms. Puckett's supplemental declaration and the exhibits attached thereto provide those documents, revealing the utter fallacy of CDC's urgency and service disruption claim. For

example, in overriding the pre-award stay, CDC pointed to the potential disruption of vaccine distribution in California and Texas, stating:

> Multiple State Contracts with existing vaccine distributors expire prior to March 31, 2007—26 Grantees, distributing approximately 62% of the public doses in the U.S. (over 40 million doses per year) have contracts with a vaccine distributor. *All of these State contracts expire prior to March 31, 2007.* Further delays in contract award cut into the implementation timing for transition—potentially putting over half of the program's vaccine distribution at risk. Any slippage in the federal contract award will result in these states not having vaccine distribution services. *Texas and California are both in this category.*

AR Tab 20 at 227-28 (F&D ¶ 7.A) (emphasis added). CDC's assertion regarding Texas and California is erroneous. Ms. Puckett's supplemental declaration provides evidence proving that GIV's contract with Texas expires on August 31, 2007, while its contract with California expires on June 30, 2008. *See* Suppl. Puckett Decl. ¶¶ 7-8; Suppl. Puckett Decl. Ex. B, M.

In attempting to justify its override of the pre-award stay, CDC also asserted that the New York Multi-State contract expires on March 31, 2007, "with no additional extensions allowed." AR Tab 20 at 228 (F&D ¶ 7.B). This too is wrong. The relevant portion of the New York Multi-State contract attached to Ms. Puckett's supplemental declaration demonstrates explicitly that extensions are permissible. Extensions of up to one month may be imposed unilaterally by the VFC participant. Suppl. Puckett Decl. Ex. I. Where there is mutual agreement between the VFC participant and GIV, this "short term extension" may be for a period of up to three months. *Id.* The contract contains no explicit limitation on the number of times the contract may be extended under the "short term extension" provision. *See id.*

## II. GIV SHOULD BE GRANTED ADDITIONAL LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD BECAUSE CDC FAILED TO CONSIDER FACTORS RELEVANT TO ITS DECISION

"Because a failure to consider all relevant factors automatically makes an administrative decision inadequate under the APA, courts have reasoned that a party challenging agency action

must be given a chance to show that relevant factors were ignored." Stark & Wald, *supra*, at 346 (footnote omitted); *see also Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). In comparing the F&D to the relevant portions of the actual contracts, it is evident that CDC did not consider the true expiration dates of those contracts. As a result, the administrative record should be supplemented to include the relevant portions of those contracts.

**CONCLUSION**

Based on the foregoing, GIV respectfully requests that the administrative record be supplemented to include Ms. Puckett's supplemental declaration and the exhibits attached thereto. In accordance with RCFC 7(b)(1), a proposed order granting the requested relief is attached as Exhibit 2.

Dated: October 20, 2006

Respectfully submitted,

By: s/Mark J. Biros
Mark J. Biros
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)

*Attorney of Record for Plaintiff General Injectables & Vaccines, Inc.*

*Of counsel:*

Lawrence Z. Lorber
James F. Segroves
Meredith C. Bailey
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, DC 20004-2533
202.416.6800
202.416.6899 (fax)

Gilbert J. Ginsburg
LAW OFFICES OF
GILBERT J. GINSBURG
1250 24th Street, NW
Suite 350
Washington, DC 20037
202.776.7772
202.776.7773 (fax)

**CERTIFICATE OF FILING**

I hereby certify that on October 20, 2006, a copy of Plaintiff's Second Motion to Supplement the Administrative Record was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Mark J. Biros
MARK J. BIROS