**EXHIBIT 1.G**

**Plaintiff's Second Motion to**
**Supplement the Administrative Record,**
***General Injectables & Vaccines, Inc. v. United States***
**No. 06-683C (Judge Eric G. Bruggink)**

**Supplemental Declaration of Tracy B. Puckett**

# STATE OF MAINE
# VFC CONTRACT

Copied as of 10/9/06

COPY



Agreement No: HEA-06-216

1205134

STATE OF MAINE
DEPARTMENT OF HEALTH AND HUMAN SERVICES
Agreement to Purchase Services

THIS AGREEMENT, made this 18th day of November, is by and between the State of Maine, Department of Health and Human Services, hereinafter called "Department," and General Injectables and Vaccines, Inc., located at 80 Summit View Lane Building 8T, PO Box 9, Bastian, VA 24314, telephone number (276) 688-4121, hereinafter called "Provider", for the period of December 1, 2005 to December 31, 2006.

The Employer Identification Number of the Provider is 54-1251527.

WITNESSETH, that for and in consideration of the payments and agreements hereinafter mentioned, to be made and performed by the Department, the Provider hereby agrees with the Department to furnish all qualified personnel, facilities, materials and services and in consultation with the Department, to perform the services, study or projects described in Rider A, and under the terms of this Agreement. The following riders are hereby incorporated into this Agreement and made part of it by reference:

Rider A - Specifications of Work to be Performed
Rider B - Payment and Other Provisions
Rider C – Exceptions to Rider B
Rider D – Additional Requirements
Rider E- Program Requirements
Rider F-2- Agreement Compliance Form

IN WITNESS WHEREOF, the Department and the Provider, by their representatives duly authorized, have executed this agreement in (4) original copies.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**

By: Geoffrey W. Green
Geoffrey W. Green, Deputy Commissioner for Operations and Support

And **General Injectables and Vaccines, Inc.**

By: Tracy Puckett
Tracy Puckett, Manager, Government Contracting

Total Agreement Amount: $ 225,000.00

Approved: Betty M. Lamoreau DEC 20 2005
Chair, State Purchases Review Committee

ENCUMBERED
DEC 20 2005
STATE CONTROLLER

BP54 (Rev 4/98)

this project on a full-time, part-time or other basis during the period of this Agreement any retired employee of the Department who has not been retired for at least one year, without the written consent of the State Purchases Review Committee. The Provider shall cause the foregoing provisions to be inserted in any subcontract for any work covered by this Agreement so that such provisions shall be binding upon each subcontractor, provided that the foregoing provisions shall not apply to contracts or subcontracts for standard commercial supplies or raw materials.

12. **STATE EMPLOYEES NOT TO BENEFIT** No individual employed by the State at the time this Agreement is executed or any time thereafter shall be admitted to any share or part of this Agreement or to any benefit that might arise therefrom directly or indirectly that would constitute a violation of 5 MRSA § 18 or 17 MRSA § 3104. No other individual employed by the State at the time this Agreement is executed or any time thereafter shall be admitted to any share or part of this Agreement or to any benefit that might arise therefrom directly or indirectly due to his employment by or financial interest in the Provider or any affiliate of the Provider, without the written consent of the State Purchases Review Committee. The Provider shall cause the foregoing provisions to be inserted in any subcontract for any work covered by this Agreement so that such provisions shall be binding upon each subcontractor, provided that the foregoing provisions shall not apply to contracts or subcontracts for standard commercial supplies or raw materials.

13. **WARRANTY** The Provider warrants that it has not employed or contracted with any company or person, other than for assistance with the normal study and preparation of a proposal, to solicit or secure this Agreement and that it has not paid, or agreed to pay, any company or person, other than a bona fide employee working solely for the Provider, any fee, commission, percentage, brokerage fee, gifts, or any other consideration, contingent upon, or resulting from the award for making this Agreement. For breach or violation of this warranty, the Department shall have the right to annul this Agreement without liability or, in its discretion to otherwise recover the full amount of such fee, commission, percentage, brokerage fee, gift, or contingent fee.

14. **ACCESS TO RECORDS** The Provider shall maintain all books, documents, payrolls, papers, accounting records and other evidence pertaining to this Agreement and make such materials available at its offices at all reasonable times during the period of this Agreement and for such subsequent period as specified under Maine Uniform Accounting and Auditing Practices for Community Agencies (MAAP) rules. The Provider shall allow inspection of pertinent documents by the Department or any authorized representative of the State of Maine or Federal Government, and shall furnish copies thereof, if requested.

15. **TERMINATION** The performance of work under the Agreement may be terminated by the Department in whole, or in part, whenever for any reason the Agreement Administrator shall determine that such termination is in the best interest of the Department. Any such termination shall be effected by delivery to the Provider of a Notice of Termination specifying the extent to which performance of the work under the Agreement is terminated and the date on which such termination becomes effective. The Agreement shall be equitably adjusted to compensate for such termination, and modified accordingly.

16. **GOVERNMENTAL REQUIREMENTS** The Provider warrants and represents that it will comply with all governmental ordinances, laws and regulations.

17. **GOVERNING LAW** This Agreement shall be governed in all respects by the laws, statutes, and regulations of the United States of America and of the State of Maine. Any legal proceeding against the State regarding this Agreement shall be brought in State of Maine administrative or judicial forums. The Provider consents to personal jurisdiction in the State of Maine.

18. **STATE HELD HARMLESS** The Provider agrees to indemnify, defend and save harmless the State, its officers, agents and employees from any and all claims, costs, expenses, injuries, liabilities, losses and damages of every kind and description (hereinafter in this paragraph referred to as "claims") resulting from or arising out of the performance of this Agreement by the Provider, its employees, agents, or subcontractors. Claims to which this indemnification applies include, but without limitation, the