# In the United States Court of Federal Claims

No. 06-683
(Filed: October 27, 2006)

* * * * * * * * * * * * * * * * * * * * * * *
GENERAL INJECTABLES &
VACCINES, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant,*

and

MCKESSON SPECIALTY
DISTRIBUTION LLC,

*Intervenor.*

* * * * * * * * * * * * * * * * * * * * * * *

ORDER

This is an action for declaratory and injunctive relief brought by plaintiff General Injectables & Vaccines, Inc. ("GIV") against the United States, acting through the Center for Disease Control and Prevention ("CDC"). Plaintiff seeks a declaratory judgment that CDC's decision to override the automatic stay pursuant to the Competition in Contracting Act ("CICA"), 31 U.S.C. § 3553(c) (2000), which was triggered by plaintiff's filing of a pre-award bid protest at the Government Accountability Office ("GAO"), was arbitrary, capricious, an abuse of discretion, or not in accordance with law. Plaintiff also seeks injunctive relief against CDC and McKesson Specialty Distribution, LLC ("McKesson"), the awardee and intervenor, to prevent the continuation of contract performance until GAO has disposed of plaintiff's supplemental protest. A decision on plaintiff's protest by GAO is expected by

November 15, 2006, although GAO is not bound to issue its decision until December 4, 2006. Because a GAO decision would render this action moot, we ordered expeditious briefing. Oral argument was scheduled for October 27, 2006.

On October 26, 2006, prior to oral argument, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims. Based on defendant's representations, CDC voluntarily decided to stay performance of the contract. Defendant attached to its motion a modification to McKesson's contract, dated October 25, 2006, which directs McKesson to stop work immediately in accordance with FAR Clause 52.242-15. Defendant explains that "the precise relief requested by GIV in its complaint has been voluntarily afforded by the CDC," and, therefore, the case has been rendered moot. Defendant's Motion to Dismiss at 2. Neither plaintiff nor intervenor oppose defendant's motion.

Accordingly, defendant's unopposed motion to dismiss is granted. The Clerk is directed to dismiss the case without prejudice.

s/ Eric G. Bruggink
ERIC G. BRUGGINK
Judge